# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

INGA MYLES

VERSUS

PINNACLE ENTERTAINMENT, INC., ET AL.

CIVIL ACTION

NO. 17-516-JWD-RLB

# RULING AND ORDER

This matter comes before the Court on the Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure (Doc. 20) filed by Defendant Pinnacle Entertainment, Inc. ("Pinnacle"). Plaintiff Inga Myles has filed no opposition to the motion.

Myles filed suit on July 21, 2017, against Pinnacle, alleging that she sustained serious injuries after violently falling on an escalator at L'Auberge Casino in Baton Rouge, Louisiana. (Doc. 1-2). The casino is owned and operated by Pinnacle.[1] (*Id.* at 3). Myles alleges that "suddenly and without warning," her walking cane "became caught in the escalator[,] causing her to fall backwards violently as her leg and hair were caught in the escalator." (*Id.* at 4). She claims that Pinnacle "failed to properly maintain, inspect, control and/or operate the escalator so as to render it dangerously slippery and unsafe for use," and that this dangerous condition caused her to fall. (*Id.*). She further alleges that Pinnacle failed to warn Myles and other casino guests of the dangerous condition, and failed to inspect the escalator when it knew or should have known that "said inspection was necessary to prevent injury." (*Id.*). As a result of the fall, Myles injured her knee and neck, "causing her severe pain and suffering." (*Id.* at 5). Myles asserts a state-law claim for negligence against Pinnacle. (*Id.* at 5–6).

---

[1] Pinnacle disputes this fact, (*see* Doc. 20-7 at 7–9), but the dispute is not relevant to the Court's disposition of its motion.

On March 1, 2019, Pinnacle filed the instant motion supported by security video footage of Myles' fall. The Court viewed the footage, which shows Myles begin to step onto the escalator before losing her footing and suddenly falling backward. The footage shows the escalator functioning both before, during, and after Myles' fall, and does not portray any sudden change in the escalator's movement, such as a stop or sudden increase or decrease in speed. The video also shows another individual, Myles' daughter, travel up the escalator ahead of Myles with no apparent issue immediately prior to the fall.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). In responding to a properly supported motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmovant must "go beyond the pleadings" and submit competent evidence demonstrating "specific facts showing that there is a genuine [dispute] for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted). If the evidence is "merely

colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

The Fifth Circuit has further explained:

In resolving the motion, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion.

*Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

"A motion for summary judgment cannot be granted simply because there is no opposition." *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (quoting *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). "However, a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day*, 768 F.3d at 435.

In her deposition, Myles testified that she was approximately four or five steps from the bottom of the escalator when there was a sudden "jerk" and she fell backward. (Doc. 20-2 at 64 & 71). However, the Court must "assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene." *Carnaby v. City of Hous.*, 636 F.3d 183, 187 (5th Cir. 2011). When a party's "description of the facts is discredited by the record," the Court need not accept the party's version of events "but should view the facts in the light depicted by the videotape." *Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir. 2012) (internal quotation marks omitted). Viewing the facts in the light depicted by the videotape here, it is clear that the escalator was functioning properly and that there was no sudden jolt, change in speed, or any other malfunction which could have caused Myles' fall. Indeed, the video depicts Myles' daughter traveling up the escalator without any issue, buttressing this conclusion.

Moreover, even if Myles had met her burden to contradict the video footage with some colorable evidence of a sudden malfunction in the escalator, she has not established that Pinnacle (or any other entity) had actual or constructive notice of a defect in the escalator. *See* La. C.C. art 2317.1 (providing that the owner or custodian of an object is liable for damage caused by its faulty condition "only upon a showing that [it] knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that [it] failed to exercise such reasonable care.").

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment (Doc. 20), unopposed by Plaintiff Inga Myles, is **GRANTED**, and all claims asserted by Myles are **DISMISSED WITH PREJUDICE**. A final judgment will issue separately.

Signed in Baton Rouge, Louisiana, on June 10, 2019.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**